UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



FILED

04 NOV -9 PM 3: 53

CLERK ALBUQUERQUE

LEONA ROMERO

Plaintiff,

vs.

No. CIV 03-0805 JC/RHS

THE CITY OF ALBUQUERQUE,

Defendant.

### DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONs OF LAW

Defendant, City of Albuquerque through its undersigned counsel, submits its Proposed Findings of Fact and Conclusions of Law, pursuant to the Court's Order.

### PROPOSED FINDINGS OF FACT

1. In September 2001, the City of Albuquerque advertised to fill the position of Code Enforcer in the Solid Waste Department.

2. On or about September 20, 2001, Plaintiff bid for promotion into the position of Code Enforcer with the Solid Waste Department in the Commercial section of the Department.

3. Plaintiff was interviewed for the position in November 2001.

4. During the selection process, all of the candidate records were reviewed before a selection was made.

5. In November 2001, City of Albuquerque selected a male employee to fill the position.

6.Plaintiff and Rudy Rivera, the male who was selected, both met the minimum qualifications for the position.

7.Plaintiff has in the past been upgraded to the position of Residential Code Enforcer due to people being on vacation. However, the position of Commercial Code Enforcer differs substantially from a Residential Code Enforcer. The commercial position requires knowledge of reading blue prints, knowing where to place the container, what size container is need for the business, and knowledge of City rules and regulations, ordinances and public and customer relations skills, among other things, for working with local business owners.

8.Plaintiff has a reputation at the Solid Waste Department for being difficult to work with, including being rude and confrontational.

9.Customer and public relations skills are a valid consideration in making a decision to promote someone into a position because dealing with the public is central to performing this job.

10.Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission on or about August 19, 2002.

11.On or about April 11, 2004, the EEOC issued a notice of non-determination.

12.Plaintiff has also alleged that the City breached an employment contract with the Plaintiff for failing to promote her to this position.

13.The relevant provisions of the City's Merit System Ordinance provide: "Every effort shall be made to fill vacant positions in the city with the best qualified candidate." § 3-1-7(A)

2

14. The relevant provisions of the City's Personnel Rules and Regulations state: "Selection for promotion and transfer is made on the basis of education, experience, training, skills and other abilities." Personnel Rules and Regulations 102.3

15. Under the Merit System Ordinance, certain employee issues are not grievable. § 3-1-24(D)(2)(a)

16. For example, even the City's own Personnel Board will not review grievances concerning an employee's denial of a promotion. Personnel Rules and Regulations 903.1

## CONCLUSION OF LAW

1. The Plaintiff has the burden of providing a prima facie case of gender discrimination. To establish a prima facie case of failure to promote, plaintiff must demonstrate that: (1) she was a member of a protected class; (2) she was qualified for the position; (3) the employer did not promote her; and (4) the position remained open and the employer continued to seek other candidates who were not women, or the employer promoted a male. *Reynolds v. School dist. No. 1, Denver, Colo.*, 69 F3d 1523,1524 (10th Cir. 1995).

2. The City has met its burden to show that Plaintiff's difficulty in getting along with others and in dealing with the public is a legitimate, non-discriminatory reason for denying her the promotion.

3. The City's reason for denying Plaintiff the promotion was not pretextual.

3

4.  The City's Merit System Ordinance and Personnel Rules and Regulations, taken together, did not create a binding, enforceable contractual obligation to promote Plaintiff above other applicants.

5.  The City did not breach any contractual obligation toward Plaintiff concerning this promotion.

Respectfully submitted,

_____
Michael I. Garcia and Lisa S. Wisdom
Assistant City Attorneys
P.O. Box 2248
Albuquerque, New Mexico 87103
Telephone: (505) 768-4500

I hereby certify that a true copy of the foregoing pleading was mailed to:

Thomas J. Griego
Attorney at Law
2501 Yale SE #204
Albuquerque, New Mexico 87103-4357

this _9th_ day of November, 2004.

_____
Michael I. Garcia

4