# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FILED

04 NOV 12 AM 9: 33

CLERK-ALBUQUERQUE

LEONA ROMERO,

   Plaintiff,

vs.                                    CIV 03-0805 JC/RHS

THE CITY OF ALBUQUERQUE,

   Defendant.

## PLAINTIFF'S PROPOSED
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff by and through counsel, Bill Gordon and Associates, (Thomas J. Griego) hereby submits the following proposed Findings of Fact and Conclusions of Law:

FINDINGS OF FACT:

1.  Leona Romero has been employed by the Defendant City of Albuquerque's Solid Waste Department since 1993.

2.  In September 2001, the Defendant City of Albuquerque advertised to fill the position of Code Enforcer with the City's Solid Waste Department, and on September 20, 2001, Ms. Romero applied for that position.

3.  The City hired a less-qualified male applicant, Rudy Rivera, into that position.

4.  Plaintiff has 9 years of experience in the Department, including 6 years as Senior Office Assistant with the Department and two years' experience as a Residential Driver. During 8 of those nine years she occasionally served as the Acting Code Enforcer. She has an additional 11 years of experience with the Defendant City as an Administrative Aide, for a total of more than 20 years

35

with the City. She completed a University of New Mexico Leadership program in 2002.

5.  Plaintiff's education, training and experience relevant to the job are superior to those of the successful male applicant. Specifically, prior to applying for the Code Enforcer position, she had performed the Code Enforcer's duties on a temporary basis several times whereas Rudy Rivera had never performed the Code Enforcer's duties and did not meet the minimum qualification for the position of two years' progressive responsibility in Code Enforcement duties. She has continued to be utilized as Acting Code Enforcer when the need arises after being turned down for the job.

6.  At the time Mr. Rivera and Ms. Romero applied for the job, Mr. Rivera had 16 ½ years of cumulative experience compared to 20 years for Ms. Romero. 15 years of Mr. Rivera's experience was as a Commercial Collections Driver and the remaining 1 ½ years was as a Residential Collections Driver with the Solid Waste Department, neither of which required duties that correspond to the Code Enforcer position at issue in this case.

7.  Both Ms. Romero and Mr. Rivera performed well during the oral interview for the position, however, as part of that interview the applicants were required to perform an exercise using a blueprint of a local business and tracing the best route of access and egress to the trash receptacle. The exercise was flawed in that there was no way to enter and exit the property without violating one or another City Codes. Despite this flaw Rivera was deemed to be the only

2

individual to have successfully completed the diagram though his, diagram also contained a Code violation.

8.   The testimony of witnesses, show that the practice of sex-based discrimination at the Defendant's Solid Waste Department has been pervasive based on the direct experience of those individuals.

9.   The City has enacted ordinances and regulations that govern access to trash receptacles on commercial property among which are §14-16-3-15 Recycling Bin Regulations and § 9-10-1-7 Storage of Refuse for commercial collection.

10.  The City has adopted a Merit System Ordinance 3-1-1 et seq. providing for the hiring, promotion, and discipline of City employees.

11.  The Merit System Ordinance, section 3-1-7, states that vacancies shall be filled with "the best qualified candidate."

12.  The City has also adopted Personnel Rules and Regulations authorized under the Merit System Ordinance. Rule 102.1 provides that vacant positions in the City "will be filled with the best-qualified candidate as determined by the selection committee or hiring supervisor…"Those rules further require that the City promote based on an applicant's "education, experience, training. skills and other abilities. " Rule 102.3. Also, "qualifications are the primary consideration in filling any position. Experience, education, training. skills and other abilities as well as specific position requirements and the prior employment history of the applicant will be considered in appraising individual qualifications..." Rule 101.

3

13.   The State of New Mexico legislature passed a statute stating that whenever a Municipality passes a Merit System Ordinance. that such Ordinance becomes part of a contract of employment. NMSA §3-13-4.

14.   The Defendant City's Personnel Rules and Regulations and Merit System Ordinance taken together form a contract for employment between Plaintiff and the City.

15.   Defendant breached its contract of employment with Plaintiff by failing to promote Ms. Romero on November 30, 2004 and selecting a less-qualified. male candidate for the position at issue in this case.

16.   Plaintiff successfully filed a Complaint of gender discrimination arising out of the City's failure to promote her to the position of Code Enforcer on August 19, 2002 and received a Notice of Right to Sue from the Equal Employment Opportunity Commission on April 11, 2003.

17.   Plaintiff filed a timely complaint on July 9, 2003.

18.   Plaintiff is a member of a class of individuals protected under Title VII (female).

19.   Although Plaintiff was qualified for the position of Code Enforcer. she was not hired for that position and instead the City gave the job to a less-qualified male employee, Rudy Rivera.

20.   Defendant City discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, when it promoted a less qualified male to the position of Code Enforcer.

4

21. As a result of Defendant's breach of its contract with Plaintiff and as a result of her being discriminated against on the basis of her gender, she has been damaged by loss back and future pay was well as losses to her benefits and retirement.

22. Furthermore, Ms. Romero has suffered emotional distress arising from the Defendant's discriminatory treatment and the City's breach of contract.

23. Defendant engaged in these discriminatory practices maliciously, or with reckless indifference to Plaintiff's rights to be free of discrimination based on her gender.

24. Plaintiff is entitled to recover attorney's fees and costs incurred in this action.

CONCLUSIONS OF LAW:

A. Plaintiff exhausted her administrative remedies and preconditions prior to filing this suit.

B. This Court has jurisdiction pursuant to and 42 U.S.C. §2000(e) et seq. and pendent jurisdiction over the State claims herein pursuant to Art. III Sec. 2 of the United States Constitution.

C. Romero has demonstrated that the City of Albuquerque has discriminated against her based on her gender to a degree sufficient to justify an award of damages. 42 U.S.C. §2000(e) (2) (a) (1).

D. Romero has demonstrated that she was treated differently from another male applicant for the position of Code Enforcer.

E. The successful male applicant for the position of Code Enforcer, Rudy Rivera, possessed substantially less qualifications than those of Ms. Romero.

5

F.  Plaintiff, as the prevailing party, is entitled to an award of reasonable attorney's fees and costs incurred in this case. 42 U.S.C. §2000e-5(k).

G.  Romero is entitled to additional damages for emotional distress. Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071; *Mantz v. Follingstad*, 84 N.M. 473, 505 P.2d 68 (1972); *Stone v. Dominguez*, 97 N.M. 211, 638 P.2d 423 (Ct. App. 1981); *Dodoo v. Seagate Technologies, Inc.*, 234 F.3d 1219(10th Cir. 2000); *Atchley v. Nordham Group, Inc.*, 180 F.3d 1143 (10th Cir. 1999).

H.  The City's Merit System Ordinance and the Personnel Rules and regulations promulgated thereunder with regard to promotion constitute an express contract for employment, and Romero justifiably and reasonably relied on their terms when she applied for the position of Code enforcer. NMSA §3-13-4; *Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 773 P.2d 1231 (1989); *Boudar v. E.G. &G.*, 105 N.M. 151 (1987); *Hudson v. Village Inn Pancake House of Albuquerque*, 35 P.2d 313 (Ct. App. 2001); *McGinnis v. Honeywell*, 110 N.M. 1; 738 P.2d 513 (1987); *Chavez v. Manville Prod's. Corp.*, 108 N.M. 643, 777 P.2d 507 (1988); *N.M. State labor and Indus. Com'n. v. Deming Nat'l. Bank*, 96 N.M. 673, 634 P.2d 695 (1981); *Lukowski v. Sandia Indian Mg't, Co.*, 106 N.M. 664 (1966).

I.  By failing to promote Romero to the position of Code Enforcer, the City breached the said contract for employment. *Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 773 P.2d 1231 (1989); *Boudar v. E.G. &G.*, 105 N.M. 151 (1987); *Hudson v. Village Inn Pancake House of Albuquerque*, 35 P.2d 313 (Ct. App. 2001); *McGinnis v. Honeywell*, 110 N.M. 1; 738 P.2d 513 (1987); *Chavez v. Manville Prod's. Corp.*, 108 N.M. 643, 777 P.2d 507 (1988); *N.M. State Labor and Indus. Com'n. v. Deming*

6

*Nat'l. Bank,* 96 N.M. 673, 634 P.2d 695 (1981); *Lukowski v. Sandia Indian Mg't, Co.,* 106 N.M. 664 (1966).

J.  As a direct and proximate consequence of the City's breach of contract, Romero has suffered loss of wages and benefits, emotional distress and other incidental and consequential damages. Such damages were reasonably foreseeable and calculable under the circumstances. *Newberry v. Allied Stores, Inc.,* 108 N.M. 424, 773 P.2d 1231 (1989); *Boudar v. E.G. &G.,* 105 N.M. 151 (1987); *Hudson v. Village Inn Pancake House of Albuquerque,* (Ct. App. 2001); *McGinnis v. Honeywell,* 110 N.M. 1; 738 P.2d 513 (1987); *Chavez v. Manville Prod's. Corp.,* 108 N.M. 643, 777 P.2d 507 (1988); *N.M. State Labor and Indus. Com'n. v. Deming Nat'l. Bank,* 96 N.M. 673, 634 P.2d 695 (1981); *Lukowski v. Sandia Indian Mg't, Co.,* 106 N.M. 664 (1966).

Respectfully submitted,

BILL GORDON & ASSOCIATES

By Thomas J. Griego, Esq.
2501 Yale Blvd SE Suite 204
Albuquerque, NM 87106
(505) 265-1000

I certify that a true and
accurate copy of the foregoing
Requested Findings and Conclusions
was hand-delivered to opposing counsel
This 10th day of November, 2004.

Thomas J. Griego, Esq.

7