# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LEONA ROMERO,

       Plaintiff,

vs.                                                                                      No. CIV 03-0805 JC/RHS

THE CITY OF ALBUQUERQUE,

       Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER came on for a bench trial on November 18, 2004. At the close of Plaintiff's case-in-chief, Defendant moved the Court for judgment as a matter of law on Plaintiff's claims. Pursuant to Rule 52(c) of the Federal Rules of Civil Procedure, the Court granted Defendant's Motion and entered its ruling in favor of Defendant and against Plaintiff on both claims in Plaintiff's Complaint (Count I: Discrimination; Count II: Breach of Contract). Fed.R.Civ.Pro. 52(c). Having reviewed the proposed findings of fact and conclusions of law submitted by the parties, considered all record evidence, consulted the relevant authority, and being otherwise fully advised in the premises, the Court makes the following Findings of Fact and Conclusions of Law in accordance with its determinations at trial.

FINDINGS OF FACT

1.     Plaintiff, a female by the name of Leona Romero, has been employed by Defendant City of Albuquerque's Solid Waste Department ("Department") since 1993.

2.     Plaintiff served as an Administrative Aide to the City of Albuquerque ("the City") prior to her employment with the Department.

3. In September 2001, Defendant advertised to fill the position of Code Enforcer within the Commercial section of the City's Solid Waste Department.

4. On September 20, 2001, Plaintiff applied for the available Code Enforcer position.

5. Plaintiff was not hired for the Code Enforcer position.

6. The successful applicant for the Code Enforcer position, Mr. Rivera, is male.

7. At the time of her application for the Code Enforcer position, Plaintiff had nine (9) years of experience in the Department. During those nine (9) years, Plaintiff had served as Senior Office Assistant for six (6) years and had also served as Acting Code Enforcer in the Residential section occasionally and intermittently for eight (8) years.

8. Plaintiff completed a University of New Mexico Leadership program in 2002.

9. Nothwithstanding the fact Plaintiff did not receive the Code Enforcer position when she bid for it, Defendant continues to utilize Plaintiff as Acting Code Enforcer in its Residential section on a temporary and intermittent basis when the need arises, such as to cover employee vacations.

10. Mr. Rivera had never acted in the capacity of Code Enforcer prior to being hired into that position.

11. Plaintiff had hung up the business telephone on a customer on at least one occasion prior to applying for the available Code Enforcer position.

12. Commercial Solid Waste service differs from Residential Solid Waste service in several ways, including but not limited to: Amount and type of customer contact; refuse pick-up schedules; type, size and placement of refuse receptacles, and type of servicing truck.

13. The Code Enforcer position in Commercial Solid Waste service involves reading blueprints to assure that receptacle placement allows for pick-up routes that conform to City rules and regulations while Residential Solid Waste service does not require blueprint reading.

14. When hired for the Commercial Code Enforcer position, Mr. Rivera had a total of sixteen and one-half (16.5) years of work experience with the City; fifteen (15) years as a Commercial Collections Driver and one and one-half (1.5) years as a Residential Collections Driver with the Department.

15. The duties of a Commercial Collections Driver do not directly correspond to the duties of a Commercial Code Enforcer. However, both jobs involve a significant amount of interface

with representatives of customer businesses.

16. The City has enacted ordinances and regulations that govern placement of and access ways to refuse receptacles on commercial property, including § 14-16-3-15 Recycling Bin Regulations and § 9-10-1-7 Storage of Refuse for commercial collection.

17. As a part of the interview process for the Code Enforcer position, candidates were required to perform an exercise utilizing a blueprint of a local business and requiring them to trace the best route of access to and egress from an existing refuse receptacle as depicted in the blueprint.

18. The blueprint exercise was flawed in that the diagram depicted no available route that would allow access to and egress from the refuse receptacle without necessarily violating one or more City Codes.

19. Mr. Rivera completed the diagram; however, the route he drew indeed involved a violation of a City Code by requiring the truck driver to operate against the flow of traffic.

20. When presented with Mr. Rivera's diagram at trial, Plaintiff testified to her belief that the route he had drawn involved a "safety violation" but also said she was unaware of any City Code violation implicated by Rivera's drawing.

21. Both Plaintiff and Mr. Rivera performed well during the oral interview for the Code Enforcer position.

22. Both Plaintiff and Mr. Rivera possessed the minimum eligibility qualifications for the position of Code Enforcer.

23. The City has adopted Merit System Ordinance 3-1-1 *et seq.*, providing for the hiring, promotion, and discipline of City employees.

24. The State of New Mexico Legislature passed a statute providing that whenever a municipality passes a Merit System Ordinance, such ordinance becomes part of an employment contract.

25. Section 3-1-7(A) of the City's Merit System Ordinance provides, in pertinent part: "Every effort shall be made to fill vacant positions in the city with the best qualified candidate."

26. The City has also adopted Personnel Rules and Regulations authorized under the Merit System Ordinance.

27. The City's Personnel Rules and Regulations also state, in pertinent part: "Selection for promotion and transfer is made on the basis of education, experience, training, skills and other

abilities," that "qualifications are the primary consideration in filling any position," and that vacant positions "will be filled with the best-qualified candidate as determined by the selection committee or hiring supervisor." Personnel Rules and Regulations 101, 102.1, 102.3.

28. Under the City's Merit System Ordinance, certain employee issues are not grievable. § 3-1-24(D)(2)(a).

29. The City's Personnel Board will not review grievances pertaining to an employee's denial of a promotion. Personnel Rules and Regulations 903.1.

30. On or about April 11, 2003, Plaintiff received a Notice of Right to Sue from the EEOC.

CONCLUSIONS OF LAW

1. This Court has jurisdiction over Plaintiff's federal claim pursuant to 42 U.S.C. § 2000(e) *et seq.*, and pendent jurisdiction over Plaintiff's state law claim pursuant to Art. III, Sec. 2 of the United States Constitution.

2. Plaintiff exhausted her administrative remedies and preconditions prior to filing this suit.

3. Plaintiff filed her Complaint timely.

4. As a female, Plaintiff is a member of a class of individuals protected under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000 *et seq.*

5. In order to establish her *prima facie* case for failure to promote based on gender discrimination, Plaintiff must show: (1) she was a member of a protected class; (2) she was qualified for the position she sought; (3) she was not promoted; and (4) the position remained open and the City sought other applicants who were not women, or the employer promoted a male. *Reynolds v. School Dist. No. 1, Denever Colo.*, 69 F3d 1523, 1524 (10th Cir. 1995).

6. Plaintiff made a *prima facie* showing on her discrimination claim.

7. Defendant offered several non-discriminatory reasons why it chose to promote Mr. Rivera to Code Enforcer over Plaintiff, including Mr. Rivera's pleasing temperament with customers, which Defendant legitimately found better suited to the Code Enforcer position than Plaintiff's on-the-job temperament.

8. Defendant also established that it found Mr. Rivera's lengthy experience interfacing with business customer representatives, albeit in a driver capacity, had well prepared him for the unique concerns of the Commercial section. For this legitimate reason, Defendant determined that Mr. Rivera's experience as a Commercial Driver would be of greater benefit in the

4

Commercial Code Enforcer position than Plaintiff's Acting Code Enforcer experience in the Residential section would be.

9. Plaintiff failed to meet her burden of establishing that Defendant's proffered justifications for its employment decision to promote Mr. Rivera and not Plaintiff to Code Enforcer in the Commercial section of the Solid Waste Department were mere pretext for intentional discrimination based on gender.

10. Defendant's decision to promote Mr. Rivera and not Plaintiff to Code Enforcer in the Commercial section of its Solid Waste Department was not in contravention of its Merit System Ordinance.

11. The Court finds Plaintiff's claim for breach of employment contract lacks sufficient factual and legal support in the record.

DATED December 7, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Thomas J. Griego, Esq.
    Bill Gordon and Associates
    Albuquerque, New Mexico

Counsel for Defendant:

    Michael I. Garcia, Esq.
    Lisa S. Wisdom, Esq.
    Assistant City Attorneys
    Albuquerque, New Mexico

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEONA ROMERO,

        Plaintiff,

vs.                                                                                                             No. CIV 03-0805 JC/RHS

THE CITY OF ALBUQUERQUE,

        Defendant.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS MATTER came on for a bench trial on November 18, 2004. At the close of Plaintiff's case-in-chief, Defendant moved the Court for judgment as a matter of law on Plaintiff's claims. Pursuant to Rule 52(c) of the Federal Rules of Civil Procedure, the Court granted Defendant's Motion and entered its ruling in favor of Defendant and against Plaintiff on both claims in Plaintiff's Complaint (Count I: Discrimination; Count II: Breach of Contract). Fed.R.Civ.Pro. 52(c). Having reviewed the proposed findings of fact and conclusions of law submitted by the parties, considered all record evidence, consulted the relevant authority, and being otherwise fully advised in the premises, the Court makes the following Findings of Fact and Conclusions of Law in accordance with its determinations at trial.

FINDINGS OF FACT

1. Plaintiff, a female by the name of Leona Romero, has been employed by Defendant City of Albuquerque's Solid Waste Department ("Department") since 1993.

2. Plaintiff served as an Administrative Aide to the City of Albuquerque ("the City") prior to her employment with the Department.

3.   In September 2001, Defendant advertised to fill the position of Code Enforcer within the Commercial section of the City's Solid Waste Department.

4.   On September 20, 2001, Plaintiff applied for the available Code Enforcer position.

5.   Plaintiff was not hired for the Code Enforcer position.

6.   The successful applicant for the Code Enforcer position, Mr. Rivera, is male.

7.   At the time of her application for the Code Enforcer position, Plaintiff had nine (9) years of experience in the Department. During those nine (9) years, Plaintiff had served as Senior Office Assistant for six (6) years and had also served as Acting Code Enforcer in the Residential section occasionally and intermittently for eight (8) years.

8.   Plaintiff completed a University of New Mexico Leadership program in 2002.

9.   Nothwithstanding the fact Plaintiff did not receive the Code Enforcer position when she bid for it, Defendant continues to utilize Plaintiff as Acting Code Enforcer in its Residential section on a temporary and intermittent basis when the need arises, such as to cover employee vacations.

10.  Mr. Rivera had never acted in the capacity of Code Enforcer prior to being hired into that position.

11.  Plaintiff had hung up the business telephone on a customer on at least one occasion prior to applying for the available Code Enforcer position.

12.  Commercial Solid Waste service differs from Residential Solid Waste service in several ways, including but not limited to: Amount and type of customer contact; refuse pick-up schedules; type, size and placement of refuse receptacles, and type of servicing truck.

13.  The Code Enforcer position in Commercial Solid Waste service involves reading blueprints to assure that receptacle placement allows for pick-up routes that conform to City rules and regulations while Residential Solid Waste service does not require blueprint reading.

14.  When hired for the Commercial Code Enforcer position, Mr. Rivera had a total of sixteen and one-half (16.5) years of work experience with the City; fifteen (15) years as a Commercial Collections Driver and one and one-half (1.5) years as a Residential Collections Driver with the Department.

15.  The duties of a Commercial Collections Driver do not directly correspond to the duties of a Commercial Code Enforcer. However, both jobs involve a significant amount of interface

        with representatives of customer businesses.

16. The City has enacted ordinances and regulations that govern placement of and access ways to refuse receptacles on commercial property, including § 14-16-3-15 Recycling Bin Regulations and § 9-10-1-7 Storage of Refuse for commercial collection.

17. As a part of the interview process for the Code Enforcer position, candidates were required to perform an exercise utilizing a blueprint of a local business and requiring them to trace the best route of access to and egress from an existing refuse receptacle as depicted in the blueprint.

18. The blueprint exercise was flawed in that the diagram depicted no available route that would allow access to and egress from the refuse receptacle without necessarily violating one or more City Codes.

19. Mr. Rivera completed the diagram; however, the route he drew indeed involved a violation of a City Code by requiring the truck driver to operate against the flow of traffic.

20. When presented with Mr. Rivera's diagram at trial, Plaintiff testified to her belief that the route he had drawn involved a "safety violation" but also said she was unaware of any City Code violation implicated by Rivera's drawing.

21. Both Plaintiff and Mr. Rivera performed well during the oral interview for the Code Enforcer position.

22. Both Plaintiff and Mr. Rivera possessed the minimum eligibility qualifications for the position of Code Enforcer.

23. The City has adopted Merit System Ordinance 3-1-1 *et seq.*, providing for the hiring, promotion, and discipline of City employees.

24. The State of New Mexico Legislature passed a statute providing that whenever a municipality passes a Merit System Ordinance, such ordinance becomes part of an employment contract.

25. Section 3-1-7(A) of the City's Merit System Ordinance provides, in pertinent part: "Every effort shall be made to fill vacant positions in the city with the best qualified candidate."

26. The City has also adopted Personnel Rules and Regulations authorized under the Merit System Ordinance.

27. The City's Personnel Rules and Regulations also state, in pertinent part: "Selection for promotion and transfer is made on the basis of education, experience, training, skills and other

abilities," that "qualifications are the primary consideration in filling any position," and that vacant positions "will be filled with the best-qualified candidate as determined by the selection committee or hiring supervisor." Personnel Rules and Regulations 101, 102.1, 102.3.

28. Under the City's Merit System Ordinance, certain employee issues are not grievable. § 3-1-24(D)(2)(a).

29. The City's Personnel Board will not review grievances pertaining to an employee's denial of a promotion. Personnel Rules and Regulations 903.1.

30. On or about April 11, 2003, Plaintiff received a Notice of Right to Sue from the EEOC.

CONCLUSIONS OF LAW

1. This Court has jurisdiction over Plaintiff's federal claim pursuant to 42 U.S.C. § 2000(e) *et seq.*, and pendent jurisdiction over Plaintiff's state law claim pursuant to Art. III, Sec. 2 of the United States Constitution.

2. Plaintiff exhausted her administrative remedies and preconditions prior to filing this suit.

3. Plaintiff filed her Complaint timely.

4. As a female, Plaintiff is a member of a class of individuals protected under Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 2000 *et seq.*

5. In order to establish her *prima facie* case for failure to promote based on gender discrimination, Plaintiff must show:  (1) she was a member of a protected class; (2) she was qualified for the position she sought; (3) she was not promoted; and (4) the position remained open and the City sought other applicants who were not women, or the employer promoted a male.  *Reynolds v. School Dist. No. 1, Denever Colo.*, 69 F3d 1523, 1524 (10th Cir. 1995).

6. Plaintiff made a *prima facie* showing on her discrimination claim.

7. Defendant offered several non-discriminatory reasons why it chose to promote Mr. Rivera to Code Enforcer over Plaintiff, including Mr. Rivera's pleasing temperament with customers, which Defendant legitimately found better suited to the Code Enforcer position than Plaintiff's on-the-job temperament.

8. Defendant also established that it found Mr. Rivera's lengthy experience interfacing with business customer representatives, albeit in a driver capacity, had well prepared him for the unique concerns of the Commercial section.  For this legitimate reason, Defendant determined that Mr. Rivera's experience as a Commercial Driver would be of greater benefit in the

>  Commercial Code Enforcer position than Plaintiff's Acting Code Enforcer experience in the Residential section would be.

9. Plaintiff failed to meet her burden of establishing that Defendant's proffered justifications for its employment decision to promote Mr. Rivera and not Plaintiff to Code Enforcer in the Commercial section of the Solid Waste Department were mere pretext for intentional discrimination based on gender.

10. Defendant's decision to promote Mr. Rivera and not Plaintiff to Code Enforcer in the Commercial section of its Solid Waste Department was not in contravention of its Merit System Ordinance.

11. The Court finds Plaintiff's claim for breach of employment contract lacks sufficient factual and legal support in the record.

DATED December 7, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

>  Thomas J. Griego, Esq.
>  Bill Gordon and Associates
>  Albuquerque, New Mexico

Counsel for Defendant:

>  Michael I. Garcia, Esq.
>  Lisa S. Wisdom, Esq.
>  Assistant City Attorneys
>  Albuquerque, New Mexico

5

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LEONA ROMERO,

        Plaintiff,

vs.                                                                                                                         No. CIV 03-0805 JC/RHS

THE CITY OF ALBUQUERQUE,

        Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER came on for a bench trial on November 18, 2004. At the close of Plaintiff's case-in-chief, Defendant moved the Court for judgment as a matter of law on Plaintiff's claims. Pursuant to Rule 52(c) of the Federal Rules of Civil Procedure, the Court granted Defendant's Motion and entered its ruling in favor of Defendant and against Plaintiff on both claims in Plaintiff's Complaint (Count I: Discrimination; Count II: Breach of Contract). Fed.R.Civ.Pro. 52(c). Having reviewed the proposed findings of fact and conclusions of law submitted by the parties, considered all record evidence, consulted the relevant authority, and being otherwise fully advised in the premises, the Court makes the following Findings of Fact and Conclusions of Law in accordance with its determinations at trial.

FINDINGS OF FACT

1. Plaintiff, a female by the name of Leona Romero, has been employed by Defendant City of Albuquerque's Solid Waste Department ("Department") since 1993.

2. Plaintiff served as an Administrative Aide to the City of Albuquerque ("the City") prior to her employment with the Department.

3. In September 2001, Defendant advertised to fill the position of Code Enforcer within the Commercial section of the City's Solid Waste Department.

4. On September 20, 2001, Plaintiff applied for the available Code Enforcer position.

5. Plaintiff was not hired for the Code Enforcer position.

6. The successful applicant for the Code Enforcer position, Mr. Rivera, is male.

7. At the time of her application for the Code Enforcer position, Plaintiff had nine (9) years of experience in the Department. During those nine (9) years, Plaintiff had served as Senior Office Assistant for six (6) years and had also served as Acting Code Enforcer in the Residential section occasionally and intermittently for eight (8) years.

8. Plaintiff completed a University of New Mexico Leadership program in 2002.

9. Nothwithstanding the fact Plaintiff did not receive the Code Enforcer position when she bid for it, Defendant continues to utilize Plaintiff as Acting Code Enforcer in its Residential section on a temporary and intermittent basis when the need arises, such as to cover employee vacations.

10. Mr. Rivera had never acted in the capacity of Code Enforcer prior to being hired into that position.

11. Plaintiff had hung up the business telephone on a customer on at least one occasion prior to applying for the available Code Enforcer position.

12. Commercial Solid Waste service differs from Residential Solid Waste service in several ways, including but not limited to: Amount and type of customer contact; refuse pick-up schedules; type, size and placement of refuse receptacles, and type of servicing truck.

13. The Code Enforcer position in Commercial Solid Waste service involves reading blueprints to assure that receptacle placement allows for pick-up routes that conform to City rules and regulations while Residential Solid Waste service does not require blueprint reading.

14. When hired for the Commercial Code Enforcer position, Mr. Rivera had a total of sixteen and one-half (16.5) years of work experience with the City; fifteen (15) years as a Commercial Collections Driver and one and one-half (1.5) years as a Residential Collections Driver with the Department.

15. The duties of a Commercial Collections Driver do not directly correspond to the duties of a Commercial Code Enforcer. However, both jobs involve a significant amount of interface

with representatives of customer businesses.

16. The City has enacted ordinances and regulations that govern placement of and access ways to refuse receptacles on commercial property, including § 14-16-3-15 Recycling Bin Regulations and § 9-10-1-7 Storage of Refuse for commercial collection.

17. As a part of the interview process for the Code Enforcer position, candidates were required to perform an exercise utilizing a blueprint of a local business and requiring them to trace the best route of access to and egress from an existing refuse receptacle as depicted in the blueprint.

18. The blueprint exercise was flawed in that the diagram depicted no available route that would allow access to and egress from the refuse receptacle without necessarily violating one or more City Codes.

19. Mr. Rivera completed the diagram; however, the route he drew indeed involved a violation of a City Code by requiring the truck driver to operate against the flow of traffic.

20. When presented with Mr. Rivera's diagram at trial, Plaintiff testified to her belief that the route he had drawn involved a "safety violation" but also said she was unaware of any City Code violation implicated by Rivera's drawing.

21. Both Plaintiff and Mr. Rivera performed well during the oral interview for the Code Enforcer position.

22. Both Plaintiff and Mr. Rivera possessed the minimum eligibility qualifications for the position of Code Enforcer.

23. The City has adopted Merit System Ordinance 3-1-1 *et seq.*, providing for the hiring, promotion, and discipline of City employees.

24. The State of New Mexico Legislature passed a statute providing that whenever a municipality passes a Merit System Ordinance, such ordinance becomes part of an employment contract.

25. Section 3-1-7(A) of the City's Merit System Ordinance provides, in pertinent part: "Every effort shall be made to fill vacant positions in the city with the best qualified candidate."

26. The City has also adopted Personnel Rules and Regulations authorized under the Merit System Ordinance.

27. The City's Personnel Rules and Regulations also state, in pertinent part: "Selection for promotion and transfer is made on the basis of education, experience, training, skills and other

abilities," that "qualifications are the primary consideration in filling any position," and that vacant positions "will be filled with the best-qualified candidate as determined by the selection committee or hiring supervisor." Personnel Rules and Regulations 101, 102.1, 102.3.

28. Under the City's Merit System Ordinance, certain employee issues are not grievable. § 3-1-24(D)(2)(a).

29. The City's Personnel Board will not review grievances pertaining to an employee's denial of a promotion. Personnel Rules and Regulations 903.1.

30. On or about April 11, 2003, Plaintiff received a Notice of Right to Sue from the EEOC.

CONCLUSIONS OF LAW

1. This Court has jurisdiction over Plaintiff's federal claim pursuant to 42 U.S.C. § 2000(e) *et seq.*, and pendent jurisdiction over Plaintiff's state law claim pursuant to Art. III, Sec. 2 of the United States Constitution.

2. Plaintiff exhausted her administrative remedies and preconditions prior to filing this suit.

3. Plaintiff filed her Complaint timely.

4. As a female, Plaintiff is a member of a class of individuals protected under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000 *et seq.*

5. In order to establish her *prima facie* case for failure to promote based on gender discrimination, Plaintiff must show: (1) she was a member of a protected class; (2) she was qualified for the position she sought; (3) she was not promoted; and (4) the position remained open and the City sought other applicants who were not women, or the employer promoted a male. *Reynolds v. School Dist. No. 1, Denever Colo.*, 69 F3d 1523, 1524 (10th Cir. 1995).

6. Plaintiff made a *prima facie* showing on her discrimination claim.

7. Defendant offered several non-discriminatory reasons why it chose to promote Mr. Rivera to Code Enforcer over Plaintiff, including Mr. Rivera's pleasing temperament with customers, which Defendant legitimately found better suited to the Code Enforcer position than Plaintiff's on-the-job temperament.

8. Defendant also established that it found Mr. Rivera's lengthy experience interfacing with business customer representatives, albeit in a driver capacity, had well prepared him for the unique concerns of the Commercial section. For this legitimate reason, Defendant determined that Mr. Rivera's experience as a Commercial Driver would be of greater benefit in the

4

       Commercial Code Enforcer position than Plaintiff's Acting Code Enforcer experience in the Residential section would be.

9. Plaintiff failed to meet her burden of establishing that Defendant's proffered justifications for its employment decision to promote Mr. Rivera and not Plaintiff to Code Enforcer in the Commercial section of the Solid Waste Department were mere pretext for intentional discrimination based on gender.

10. Defendant's decision to promote Mr. Rivera and not Plaintiff to Code Enforcer in the Commercial section of its Solid Waste Department was not in contravention of its Merit System Ordinance.

11. The Court finds Plaintiff's claim for breach of employment contract lacks sufficient factual and legal support in the record.

DATED December 7, 2004.

                                                        _____
                                                        SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

       Thomas J. Griego, Esq.
       Bill Gordon and Associates
       Albuquerque, New Mexico

Counsel for Defendant:

       Michael I. Garcia, Esq.
       Lisa S. Wisdom, Esq.
       Assistant City Attorneys
       Albuquerque, New Mexico